[Cite as *Scheffer v. Taylor*, 2012-Ohio-1308.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| WILLIAM SCHEFFER, JR. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| HOWARD TAYLOR, ET AL. | : | Case No. 11-CA-10 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |



CHARACTER OF PROCEEDING:      Appeal from the Municipal Court, Case No. 5911-2010-SC-65


JUDGMENT:      Affirmed/Reversed in Part & Remanded


DATE OF JUDGMENT:      March 26, 2012


APPEARANCES:

For Plaintiff-Appellant                         For Defendant-Appellee

WILLIAM SCHEFFER, JR., PRO SE     CLIFFORD C. SPOHN
2750 County Road 169                          144 East Center Street
Cardington, OH  43315                     Marion, OH  43302

*Farmer, J.*

{¶1} On May 28, 2010, appellant, William Scheffer, Jr., took his motorcycle to Edison Billiard and Cycle for repair. The repair shop was owned by appellee, Jeffrey Taylor. The motorcycle had been previously altered to enhance performance. Following completion of the repairs, appellant test-drove the motorcycle and paid the repair bill. Later that day, appellant observed an oil leak so he returned to the repair shop. Additional repairs were made.

{¶2} On August 9, 2010, appellant filed a complaint against appellee and Howard and Scott Taylor and others not a part of this appeal for faulty repair work. A hearing before a magistrate was held on September 21, 2010. The magistrate dismissed the claims against Howard and Scott Taylor, finding they were not owners of the repair shop. By decision filed May 17, 2011, the magistrate found appellee's repair shop caused damage to the motorcycle and awarded appellant $1,300.00. Both parties filed objections. By judgment entry filed September 1, 2011, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT DID ERROR BY REMOVING OWNER FROM ACTION."

II

{¶5} "THE TRIAL COURT DID ERROR BY ESTABLISHING THE CONDITION OF MOTOR OFF TESTIMONY GIVEN BY A DEFENSE WITNESS."

III

{¶6}   "THE TRIAL COURT DID ERROR BY GRANTING TOO LOW OF AN AWARD VALUE BASED OFF THE PRECIVED (SIC) CONDITION OF THE MOTOR."

IV

{¶7}   "THE TRIAL COURTS RECORDING OF THE RECORD DOES NOT CONFORM TO THE TRUTH."

I

{¶8}   Appellant claims the trial court erred in dismissing Howard and Scott Taylor from the case as the record does not support the decision.  Appellant claims all three individuals should be responsible for the damage to his motorcycle.  We disagree.

{¶9}   Appellee testified he was not incorporated and he was the sole owner of the repair shop.  T. at 8, 57.  Appellant took his motorcycle to an establishment called "Edison Billiard & Cycle."  The only evidence in the record is appellant's comment that the business was a sole proprietorship.  T. at 9.  Appellant informed the trial court that from his research of the records, appellee was not registered as a "dba."

{¶10}  First and foremost, in a small claim case, the strict rules of evidence do not apply [Evid.R. 101(C)(8)].  Despite this diminished standard, appellant still had the burden to establish his case and that burden included the identification of the real party in interest.  Because the record establishes that the only owner was appellee, we find no error in the trial court's dismissal of Howard and Scott Taylor.

{¶11}  Assignment of Error I is denied.

II

{¶12} Appellant claims the trial court erred in interpreting the evidence. We disagree.

{¶13} Appellant's argument centers on the credibility of the witnesses. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶14} The magistrate's findings of fact, as adopted by the trial court, support appellant's position that the repair work performed by appellee caused damage to the motorcycle.

{¶15} Throughout appellant's litany of errors reflecting on credibility, is the re-argument of the facts relative to improper workmanship and damages to his motorcycle. The magistrate/trial court resolved the issue of causation in appellant's favor.

{¶16} Upon review, we find no error by the trial court in interpreting the evidence.

{¶17} Assignment of Error II is denied.

III

{¶18} Appellant claims the trial court's determination of damages was in error. We agree.

{¶19} In awarding appellee $1,300.00, the magistrate determined the following:

{¶20} "Plaintiff has prayed for a judgment in the amount of $3,000.00 for damages caused to said motorcycle. However, Plaintiff is (sic) recovery is limited to the fair market value of the motorcycle immediately prior to work being performed.

{¶21} "The Court finds that immediately prior to work being performed that the motorcycle had a fair market value of $1,650.00. The motorcycle had motor issues prior to Defendants working on said motorcycle and the motor issues would have affected the fair market value.

{¶22} "The Court finds that the motorcycle has a value of $350.00 in the condition after Defendants performed work.

{¶23} "It is therefore ordered, adjudged and decreed that the Plaintiff is granted a judgment against the Defendant Jeff Taylor in the amount of One Thousand Three Hundred Dollars ($1,300) plus statutory interest of 4% and court costs."

{¶24} Appellee also assigned the issue of damages as error in his appeal in Case No. 11-CA-09.

{¶25} Appellant testified the "Blue Book" value was $3,000.00 for a motorcycle in good condition. The magistrate concluded the fair market value of the motorcycle at the time of repair was $1,650.00, and the value of the motorcycle after repair and subsequent damages was $350.00 and therefore awarded appellant $1,300.00. Appellant challenges this method of valuation and argues the amount of damages should be to restore the motorcycle, an amount in excess of $4,000.00. This claimed amount is greater than the value of the motorcycle.

{¶26} It is undisputed that the motorcycle presented for repair was modified from the original with non-manufacturer parts and was not performing properly and was in

need of repairs. T. at 31-33. It was appellant's position that the work performed was defective and caused further damage to the motorcycle i.e., carburetor screw in crank case and an inadequate amount of oil. T. at 15-19.

{¶27} As noted by both parties, the record does not establish pre- and post-repair values.

{¶28} Upon review, we find the trial court erred in determining damages.

{¶29} Assignment of Error III is granted.

IV

{¶30} Appellant claims the transcript of the proceedings is inaccurate. We disagree.

{¶31} On September 8, 2011, appellant filed an "Objection to the Validity of the Courts' Certified Copy of the Courts' Record" wherein he complained of the following:

{¶32} "The Certified Copy submitted by the Defense Counsel and accepted by this Court as being a true and accurate account of these proceedings held in the Morrow County Small Claims Court on September 21st, 2010 contains errors that are not of a normal fashion. The Certified Copy of these proceedings and transcribed by the Registered Court Reporter contains some common and expected errors of misspellings, but also contains errors of **Audible Portions** of the tape as being marked as **(Inaudible)**. These errors do mainly pertain to questions and answers by the Court and Plaintiff, but are not just limited to. The Certified Transcript does contain errors in some of the answers given by Defense Witnesses but is in regards to add support for the Defense. In the Plaintiffs' opinion these errors could not be considered to be discretional. With one of these error s' (sic) being an absolute violation that questions

the integrity of the Registered Court Reporter and Counsel for the Defense. This error is an Objection that is in place for the Defense and does not exist within the Original Courts' Recorded Record."

{¶33} On October 11, 2011, appellant filed "Objection to the Validity Audiable (sic) Courts' Record" and a memorandum in support outlining errors in the written transcript vis-á-vis the recorded audio disc. A hearing on the objection was held on November 8, 2011. By judgment entry filed November 15, 2011, the trial court reviewed the complained of areas and made numerous corrections pursuant to App.R. 9(E) which states the following:

{¶34} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

{¶35} Upon review of the written transcript, the objection and memorandum, and the App.R. 9(E) corrections, we find no prejudice to appellant.

{¶36} Assignment of Error IV is denied.

{¶37} The judgment of the Municipal Court of Morrow County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for a determination on damages consistent with the evidence already presented.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


_s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ William B. Hoffman_____

JUDGES

SGF/sg 308

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| WILLIAM SCHEFFER, JR. | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HOWARD TAYLOR, ET AL. | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 11-CA-10 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Morrow County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for a determination on damages consistent with the evidence already presented. Costs to appellee.


_s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ William B. Hoffman_____

JUDGES